UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| EUGENE KA LOK WONG,<br><br>                Petitioner,<br><br>vs.<br><br>WARDEN, YANKTON FEDERAL<br>PRISON CAMP,<br><br>                Respondent. | 4:24-CV-04117-CBK<br><br><br>ORDER |

Petitioner, a prisoner at the Federal Prison Camp in Yankton, South Dakota, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Bureau of Prisons ("BOP") has calculated petitioner's scheduled release date as May 08, 2025. https://www.bop.gov/inmateloc, visited July 3, 2024. Petitioner challenges the BOP's calculation of the date he is eligible for release.

Petitioner is attacking the length of his sentence as calculated by the BOP. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355, 117 L. Ed. 2d 593 (1992). The BOP has developed detailed procedures and guidelines for calculating sentences, including awarding credit for, *inter alia*, credit under the First Step Act. United States v. Wilson, 503 U.S. at 336, 112 S.Ct. at 1355. "Federal regulations have afforded prisoners administrative review of the computation of their credits and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies." *Id.* (internal citations omitted). After exhausting administrative remedies, a prisoner seeks judicial review through the filing of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006).

Pursuant to 28 U.S.C. § 2243, when a petition for a writ of habeas corpus is filed, the "judge entertaining an application . . . shall forthwith award the writ, or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the application or person detained is not entitled thereto*." (Emphasis supplied.) Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts allows this Court to apply Rule 4 of those rules to a section 2241 action. Pursuant to Rule 4, and consistent with § 2243, the Judge assigned to a petition must examine the petition and any attachments to determine whether it plainly appears that petitioner is not entitled to relief. If the petition is not dismissed on that basis, the Court must order the respondent to file an answer.

I have conducted an initial consideration of the petition, pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

## BACKGROUND

Petitioner pleaded guilty to possession with intent to distribute more than 50 grams of methamphetamine and was sentenced on May 12, 2022, in the District Court for the Northern Mariana Islands, 1:21-cr-00008, to 57 months imprisonment. Petitioner's criminal history score was zero, placing him in Criminal History Category I, and together with a total offense level of 27, the advisory guideline range was 70 – 87 months. Pursuant to retroactive Amendment 821 of the Federal Sentencing Guidelines, which took effect on November 1, 2023, petitioner's total offense level was reduced from level 27 to level 25. Petitioner's revised guideline range was 57 – 71 months. Petitioner and the United States stipulated that, pursuant to U.S.S.G. § 1B1.10(b)(2)(A), the district court could not sentence petitioner below the revised guideline range.

Petitioner contends that he was initially placed at FDC Honolulu on September 1, 2022, and was then transferred to FPC Yankton, arriving on August 28, 2023. The BOP calculated petitioner's FTC effective September 13, 2023. Petitioner appealed the BOP's calculation to the Warden at FPC Yankton, asking him to calculate credits from September 1, 2022 through July 31, 2023. The Warden denied the administrative appeal on the basis that, prior to September 13, 2023, petitioner was "in holdover status,

2

awaiting transport to your designated facility." Petitioner appealed, this time seeking credit from May 12, 2022, when he was sentenced and remanded to the custody of the BOP. The Regional Director denied the administrative appeal, again on the basis that petitioner was "on holdover and in-transit status: and therefore "not in a qualifying admit status." Petitioner further appealed, again contending that he should get credit from the time his sentence commenced, May 12, 2022. The Administrator, National Inmate Appeals, responded "for informational purposes only," petitioner's credits were properly calculated pursuant to federal regulations and the BOP's Program Statement setting forth procedures for calculating First Step Act credits. It appears that petitioner has exhausted his administrative remedies.

### DECISION

On December 21, 2018, Congress enacted the First Step Act of 2018, which, *inter alia*, added subchapter D to Chapter 29 of title 18, United States Code. Pub. L. 115-391, Sec. 101, 132 Stat. 5194. The Attorney General, together with the BOP, the Director of the Administrative Office of the United States Courts, the Director of the Office of Probation and Pretrial Services, the Director of the National Institute of Justice, the Director of the National Institute of Corrections, and the Independent Review Committee authorized by the First Step Act of 2018, shall develop an evidence-based recidivism reduction program. Congress directed that the "System shall provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs," including earning time credits for participating in such programs. PL 115-391, Sec. 3632, 132 Stat. December 21, 2018, 132 Stat 5198 codified at 18 U.S.C. § 3632. Such credits earned "shall be applied toward time in prelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). The BOP administers such credits, which the BOP now refers to as "FSA Time Credits" or "FTC," pursuant to the Federal Bureau of Prisons Program Statement 5410.01.

Petitioner contends that the BOP's decision as to the accrual of credits under the First Step Act is contrary to the plain language of 18 U.S.C. § 3585(a) which provides that a sentence "commences on the date the defendant is received in custody awaiting

transportation to . . . the official detention facility at which the sentence is to be served." The petitioner was remanded to the custody of the BOP on the date he was sentenced.

Petitioner misunderstands the nature of credits under the First Step Act. The credits allowed under 18 U.S.C. § 3632(d)(4) are earned as follows:

> (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
> (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

Clearly, Congress directed that such credits be awarded only when an inmate successfully participates in evidence-based recidivism programming activities.

The record is not clear whether petitioner was in fact participating in evidence-based recidivism programming at any time from the date of his sentence on May 12, 2022, until he arrived at PPC Yankton and began programming in September 2023.

## ORDER

Based upon the foregoing,

IT IS ORDERED:

1. The Clerk of Court shall deliver or serve a copy of the petition on the respondent and the United States Attorney for the District of South Dakota.

2. The United States Attorney for the District of South Dakota shall serve and file an answer or responsive pleading to the petition, together with a legal brief or memorandum in support thereof, on or before 30 days after service.

DATED this 17th day of July, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

4